40 F.3d 1245
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Anthony Jerome VASS, Defendant-Appellant.
 No. 93-5611.
 United States Court of Appeals, Fourth Circuit.
 Submitted Sept. 13, 1994.
Decided Nov. 2, 1994.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Robert E. Payne, District Judge. (CR-92-193-N)
 William P. Robinson, ROBINSON, MADISON, FULTON & ANDERSON, Norfolk, VA, for Appellant. Helen F. Fahey, United States Attorney, Kevin M. Comstock, Assistant United States Attorney, Norfolk, VA, for Appellee.
 E.D.Va.
 AFFIRMED.
 Before HALL, WILKINS, and HAMILTON, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Anthony Jerome Vass appeals his convictions on two counts of possession of a firearm by a convicted felon, in violation of 18 U.S.C.A. Sec. 922(g)(1) (West Supp.1994). Finding no error, we affirm.
 
 
 2
 * On June 18, 1992, Sergeant Boone of the Portsmouth, Virginia, police heard gunshots. Boone saw Vass run from the direction of shots, then disappear between some houses. In circling the block, Boone observed Vass emerge on another street. Boone called, "[P]olice officer. Stop," through the car window. Vass paused, reached into his pants, and pulled out a gun. He dropped it to the ground and started running again. Boone got out of the car and repeated his call. This time, Vass stopped. Boone arrested Vass for carrying a concealed weapon, a Colt .38.*
 
 
 3
 On November 24, 1992, while on routine patrol, Officer Sergeant of the Norfolk, Virginia, police saw a number of young men standing around a car. When the marked patrol car drove up, the young men ran into a nearby restaurant. Sergeant, walking around the car, observed what he thought to be the grip of a handgun under the feet of the front seat passenger, Anthony Vass. This proved to be a 9 millimeter semiautomatic Ruger handgun.
 
 
 4
 As a result of these incidents, Vass was indicted on two counts of possession of a firearm by a convicted felon, in violation of 18 U.S.C. Sec. 922(g)(1). Vass argued to the district court that he was unconstitutionally seized before he dropped the Colt handgun in his June encounter with Sergeant Boone. The district court held a hearing on Vass's motion to suppress, and denied the motion.
 
 
 5
 At trial, the parties stipulated that Vass had previously been convicted of a felony, that both firearms were capable of firing bullets, and that both firearms traveled through interstate commerce. The jury found Vass guilty on both counts. He was sentenced to sixty-three months on each count, to run concurrent to each other but consecutive to a state sentence. Vass is subject to three years supervised release and a $3600 fine.
 
 II
 
 6
 Vass's contention that he was unconstitutionally seized before he dropped the gun is controlled by the holding in California v. Hodari D., 499 U.S. 621 (1991). There, the Supreme Court held that a seizure takes place for Fourth Amendment purposes when police apply physical force or an individual submits to a show of police authority. Id. at 626. One who fails to yield to a show of authority is not within the ambit of the Fourth Amendment. United States v. Lender, 985 F.2d 151, 154-55 (4th Cir.1993). A defendant cannot challenge the seizure of an object he has abandoned. Abel v. United States, 362 U.S. 217, 241 (1960); United States v. Flowers, 912 F.2d 707, 711-12 (4th Cir.1990), cert. denied, 59 U.S.L.W. 3865 (U.S.1991). Therefore, Vass has no viable Fourth Amendment claim.
 
 III
 
 7
 At trial, Vass sought unsuccessfully to introduce evidence that he was unaware of the fact that possession of a firearm by a convicted felon was a federal felony offense. We review evidentiary issues for abuse of discretion. United States v. D'Anjou, 16 F.3d 604, 610 (4th Cir.), cert. denied, 62 U.S.L.W. 3861 (U.S.1994).
 
 
 8
 Vass's claim is without merit. Proof of scienter is not an element of Sec. 922(g). United States v. Santiesteban, 825 F.2d 779, 782-83 (4th Cir.1987). The district court's decision to exclude evidence concerning Vass's ignorance of his wrong is not an abuse of discretion.
 
 
 9
 Accordingly, we affirm Vass's convictions. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 The gun had not recently been fired